# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| THIRD COAST INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JUAN RINCON TORRES; MARIA GUADALUPE CRUZ; INDIGO HOMES, LLC; SCOTT ELLIOTT; MARIA ELLIOTT; FOSTER CALVIN DEVELOPMENT, LLC; RYAN MITCHELL; ORIENTE CONSTRUCTION, LLC; JOHN DOES; and JANE DOES,<br><br>Defendants. | Civil Action No. 2:24-cv-04938-DCN<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(NON-JURY)** |

Pursuant to the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. §§ 2201-2202, and Federal Rule of Civil Procedure 15(a), Plaintiff Third Coast Insurance Company, complaining of Defendants Juan Rincon Torres; Maria Guadalupe Cruz; Indigo Homes, LLC; Scott Elliott; Maria Elliott; Foster Calvin Development, LLC; Ryan Mitchell; Oriente Construction, LLC; John Does; and Jane Does, respectfully alleges and states as follows:

## INTRODUCTION

1.  Third Coast Insurance Company ("TCIC") is a foreign insurance company organized and existing under the laws of the State of Wisconsin with a principal place of business in Chicago, Illinois. TCIC is an authorized surplus lines insurer in the State of South Carolina.

2.  Upon information and belief, Defendant Juan Rincon Torres is a citizen and resident of Charleston County, South Carolina.

3. Upon information and belief, Defendant Maria Guadalupe Cruz is a citizen and resident of Charleston County, South Carolina.

4. Upon information and belief, Defendant Indigo Homes, LLC ("Indigo Homes") is a domestic limited liability company organized and existing under the laws of the State of South Carolina with a principal place of business in Charleston, Charleston County, South Carolina. Upon information and belief, Indigo Homes has no members who are citizens of Wisconsin or Illinois.

5. Upon information and belief, Defendant Scott Elliott is a citizen and resident of Charleston County, South Carolina.

6. Upon information and belief, Defendant Maria Elliott is a citizen and resident of Charleston County, South Carolina.

7. Upon information and belief, Defendant Foster Calvin Development, LLC ("Foster Calvin") is a domestic limited liability company organized and existing under the laws of the State of South Carolina with a principal place of business in North Charleston, Charleston County, South Carolina. Upon information and belief, Foster Calvin has no members who are citizens of Wisconsin or Illinois.

8. Upon information and belief, Defendant Ryan Mitchell is a citizen and resident of Charleston County, South Carolina.

9. Upon information and belief, Defendant Oriente Construction, LLC ("Oriente") is a domestic limited liability company organized and existing under the laws of the State of South Carolina with a principal place of business in Charleston, Charleston County, South Carolina. Upon information and belief, Oriente has no members who are citizens of Wisconsin or Illinois.

10. Upon information and belief, Defendants John Does and Janes Does may be partially responsible for the acts and/or omissions giving rise to the underlying action, and their identities may be more fully revealed throughout the course of discovery undertaken in the underlying action.

11. The loss and claims at issue in this litigation arise from incidents that occurred in South Carolina. Generally, this action involves the interpretation of an insurance policy entered in South Carolina and that insures interests in South Carolina.

12. Jurisdiction exists because there is complete diversity of citizenship between TCIC and all Defendants, and the amount in controversy exceeds $75,000.00. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L.Ed.2d 383 (1977)). Here, the object of the litigation is TCIC's potential duty to defend and indemnify Foster Calvin and/or Ryan Mitchell for the underlying lawsuit described below. *See id.* (explaining that the object of the litigation was "[the insureds'] request that Allstate defend and/or indemnify them in the Underlying Action"). The value of TCIC's potential duty to defend and indemnify Foster Calvin and/or Ryan Mitchell for the underlying lawsuit, including the potential costs of defending and indemnifying Foster Calvin and/or Ryan Mitchell, exceeds $75,000.00, particularly considering the severity of the injuries alleged in the underlying lawsuit. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

13. Venue is appropriate under 28 U.S.C. § 1391 because the substantial part of the events giving rise to the request for insurance coverage occurred in this District.

14. The Charleston Division is appropriate pursuant to Local Rule 3.01(A)(1), as a substantial part of the events or omissions giving rise to the claim occurred in, and the underlying lawsuit is currently pending in, Charleston County, South Carolina.

15. This is an insurance coverage action brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. §§ 2201-2202, and Federal Rule of Civil Procedure 57 to determine whether TCIC has a duty to defend and/or indemnify Foster Calvin and/or Ryan Mitchell for all claims related to and arising out of the actions alleged in the underlying lawsuit captioned *Juan Rincon Torres et al. v. Foster Calvin Development, LLC et al.*, currently pending in the Court of Common Pleas for Charleston County, South Carolina ("Underlying Lawsuit"). A true and correct copy of the operative complaint in the Underlying Lawsuit is attached as **Exhibit A** and is incorporated herein by reference for the limited purpose of identifying the allegations made in the Underlying Lawsuit.

## FACTUAL BACKGROUND

I. **Underlying Lawsuit**

16. Defendants Juan Rincon Torres and Maria Guadalupe Cruz (collectively, "Claimants") filed the Underlying Lawsuit on May 4, 2023, against Indigo Homes, Scott Elliott, Maria Elliott, John Does, and Jane Does.

17. On August 28, 2023, Claimants amended their complaint to add as defendants Foster Calvin, Ryan Mitchell, and Oriente. [*See* **Exhibit A**].

18. On May 9, 2024, Indigo Homes, Scott Elliott, and Maria Elliott were dismissed from the Underlying Lawsuit with prejudice pursuant to South Carolina Rule of Civil Procedure 41. Plaintiff has no knowledge of the nature and circumstances of the dismissal.

4

19. On September 6, 2024, Oriente was dismissed from the Underlying Lawsuit with prejudice pursuant to South Carolina Rule of Civil Procedure 41. Plaintiff has no knowledge of the nature and circumstances of the dismissal.

20. Accordingly, the only active defendants in the Underlying Lawsuit are Foster Calvin, Ryan Mitchel, John Does, and Jane Does.

21. Regarding Foster Calvin and Ryan Mitchell, Claimants allege in the Underlying Lawsuit that Indigo Homes contracted with Foster Calvin, owned by Ryan Mitchell, to serve as the general contractor for the construction of a residence located at 1420 Chandler Road, Awendaw, Charleston County, South Carolina (the "Residence"). [*Id.* at ¶¶ 6-8]. Claimants further allege that Mr. Torres was a business invitee of the defendants in the Underlying Lawsuit, who they alleged had "a non-delegable duty to provide properly hired and trained employees on its job sites so that they do not leave preventable hazards from causing injury to business invitees." [*Id.* at ¶¶ 12-14].

22. Claimants further allege that on or about April 12, 2023, Mr. Torres was performing work at the Residence when he fell down an open elevator shaft and suffered severe, life-altering injuries (the "Incident"). [*Id.* at ¶¶ 37, 62-64].

23. Claimants allege that the Incident was a result of the defendants in the Underlying Lawsuit "not having the required elevator safety shaft warnings or prevention strategies or fall prevention." [*Id.* at ¶ 62].

24. Claimants allege three causes of action against all defendants in the Underlying Lawsuit: (1) Negligence [*see id.* at ¶¶ 65-68], (2) Breach of Express and Implied Warranties [*see id.* at ¶¶ 69-74], and (3) Loss of Consortium [*see id.* at ¶¶ 75-78].

5

25. Claimants seek actual, consequential, and punitive damages, as well as costs, against all defendants in the Underlying Lawsuit. [*See id.* at pp. 15-16].

## II. The Policy

26. TCIC issued a commercial general liability policy Foster Calvin bearing policy no. GLSISTC001853022 for policy period April 13, 2022, to April 13, 2023. A true and correct copy of the policy is incorporated herein by reference and attached as **Exhibit B**. Premium information has been redacted.

27. The policy is a "per occurrence" policy providing commercial general liability coverage with limits of $1,000,000 per occurrence, $1,000,000 products-completed operations aggregate, and $2,000,000 general aggregate.

28. The insuring agreement in the policy is set forth in form TCIC GL 00 02 0621 and states, in part, as follows:

\* \* \*

**SECTION I – COVERAGES COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
a. We will pay those sums that the insured becomes legally obligated to pay as "damages" for "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend you, the Named Insured, against any "suit" seeking "damages" to which this insurance applies, and which is timely reported to us as provided hereunder. Except as otherwise provided in this policy, we have no duty to defend any other insured. Our duty to defend you is further limited as provided below and in the exclusions made part of this policy. We will have no duty to defend any insured against any suit seeking damages for bodily injury or property damage to which this insurance does not apply and/or which is not timely reported to us. We may at our discretion investigate any occurrence and settle any claim or suit that may result. But:
(1) The amount we will pay for "damages" is limited as described in Section IV - Limits of Liability;
(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of "damages" medical expenses, and/or "claim expenses" under Coverage A, B and/or C;
(3) It is expressly understood and agreed that "claim expenses" (including defense

expense) are included within, and are not in addition to, the Limits of Liability set forth in the Declarations;

(4) As noted in 1(a) above, we have no duty to defend any insured other than the Named Insured. However, we shall have no duty or obligation to defend the Named Insured in connection with any "claim" or "suit" where any other insurer is obligated to defend the insured, and we shall have no duty to contribute to or participate in the defense provided by any other such insurer. We shall have the right but not the obligation to defend any insured in connection with any "claim" or "suit" under these circumstances and/or where the insured has any other insurance under which, but for the existence of this Policy, any other insurer is obligated to provide a defense; and

(5) Notwithstanding the law pursuant to which this policy shall be construed ,we may look to and consider extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against any "claim" or "suit". We may, at our discretion, investigate any "occurrence" and settle any "claim" or "suit" that may result.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that first takes place or begins during the "policy period".

An "occurrence" is deemed to first take place or begin on the date that the conduct, act or omission, process, condition(s) or circumstance(s) alleged to be the cause of the "bodily injury" or "property damage" first began, first existed, was first committed, or was first set in motion, even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harm;

(2) The "bodily injury" or "property damage" resulting from the "occurrence" first takes place, begins, appears and is first identified during the "policy period". All "bodily injury" or "property damage" shall be deemed to first take place or begin on the date when the "bodily injury" or "property damage" is or is alleged to first become known to any person, in whole or in part, even though the location(s), nature and/or extent of such damage or injury may change and even though the damage or injury may be continuous, progressive, latent, cumulative, changing or evolving;

(3) Prior to the "policy period", no insured listed under Paragraph 1 of Section III–Who Is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or "claim", knew that the "occurrence", or any resulting "bodily injury" or "property damage" had taken place, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the "policy period", that the "occurrence", "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the "policy period" will be deemed to have been known prior to the "policy period"; and

(4) All other insurance available to the insured(s) has been exhausted, regardless of any other insurance condition or clause in such insurance and regardless of whether such other insurance is stated to be primary, excess or contingent, unless such other insurance specifically is written to apply in excess of this particular

policy in the Insuring Agreement of such other policy, which specifically references this policy by its policy number, "policy period", and policy limits.
c. To the extent we pay any sums in connection with the defense or indemnity of any insured hereunder, we reserve the right to seek and obtain reimbursement for any sums paid in the connection with the defense and/or indemnity of non-covered claims.

2. **Exclusions**
This insurance does not apply to:

* * *

b. **Action Over**
Any "claim" or "suit" arising out of or related to any "bodily injury" or "property damage" sustained by any general contractor(s), subcontractor(s), independent contractor(s), their "employees", "volunteer workers", "temporary workers", day laborers, , or any persons or companies who are affiliated with such persons or entities, who provide work or products on job sites where any insured provides work, products or services as a contractor or subcontractor. This exclusion applies whether or not the persons or entities making such "claims" are hired, or retained by any insured on the site where the "claim(s)" or "suit(s)" arise. This exclusion applies whether or not any insured has agreed orally or in writing to defend or indemnify, or to assume the liability, of any person or entity for any such "claim(s)" or "suit(s)" under a contract.
This exclusion shall apply whether "claim" or "suit" is brought directly against any insured, or any insured is made party to such "claim" or "suit" by impleader, joinder, third-party action, or otherwise.
This exclusion applies whether or not:
(1) the "bodily injury" constitutes a "grave injury" as defined by any state or federal law, including but not limited to any Workers' Compensation laws;
(2) you are required by contract, regulation or law to be insured under a workers' compensation policy providing coverage for claims arising from injuries to employees.
This exclusion also applies to "bodily injury" or "property damage" sustained or allegedly sustained by any insured, the spouse, child, parent, brother or sister, of any "employee" of any insured or of any "employee" of any contractor or subcontractor working for or on behalf of any insured.
c. **Worker's Compensation and Similar Laws**
Any obligation of any insured under a workers' compensation, disability benefits, or unemployment compensation law or any similar law.

* * *

ae. **Fall from Heights**
"Bodily injury" sustained by any person, whether working or not, arising out of, resulting from, caused by, contributed to by, alleged to be, or in any way

8

involving, in whole or in part, a "fall from heights". For purposes of this exclusion, a "fall from heights" shall be defined as a fall or descent of any person or object from any elevation where there is any height differential between surfaces, whether involving a fall, trip, slip, push, throw, or jump of any person, or tipping, tilting, falling, throwing, dropping, or other movement of any object. This exclusion extends to the fall or descent of an object or a person causing, contributing to, alleged to be, or in any way involving,, in whole or in part, any claim for any "property damage" or "bodily injury" to any person, regardless of whether the fall or descent of the person or object was caused or contributed to, in or whole or in part, by any action, such as a throw or drop, whether intentional, reckless, negligent, or otherwise.

\* \* \*

**II. COMMON POLICY EXCLUSIONS**
The following exclusions apply equally to Coverage A and Coverage B:
This insurance does not apply to:
a. **Breach of Contract/Contractual Liability**
"Bodily injury", "property damage", or personal injury or advertising injury" arising, directly or indirectly, out of the actual or alleged breach of any contract or agreement or for which any insured is obligated to pay "damages" (including attorneys' fees and costs) by reason of the assumption of liability in a contract or agreement.
This exclusion does not apply to liability for "damages":
(1) That the insured would have in the absence of the contract or agreement; or
(2) Assumed in a contract or agreement that is an "insured contract", provided the "occurrence" and the "bodily injury" or "property damage" resulting therefrom take place subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and litigation expenses incurred by or for a party other than an insured, if otherwise covered under this policy, are deemed to be "damages" for "bodily injury" or "property damage" under this policy, provided that:
(i) Liability to such party for, or the cost of that party's defense, has also been assumed in the same "insured contract", and
(ii) such attorney fees and litigation expenses are for the defense of that party against a "claim" or "suit" in which "damages" to which this insurance applies are alleged.
b. **Employer's Liability**
Notwithstanding the provisions of Section V Commercial General Liability Conditions, Paragraph 7, Separation of Insureds:
(1) "Bodily Injury", "property damage", or "advertising injury" to any "employee" of any insured or the "employee" of any contractor or subcontractor working or providing materials or services directly or indirectly on any insured's behalf arising out of and in the course of:
(i) employment by the insured; or

(ii) performing duties related to the conduct of the insured's business or the business of any contractor or subcontractor working directly or indirectly on the insured's behalf.

(2) The spouse, child, parent or sibling of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(i) Whether the insured may be liable as an employer or in any other capacity; and

(ii) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\* \* \*

m. **Non-Compliance with Safety Regulations** "Bodily injury", "property damage" or "personal and advertising injury arising out of, alleged to be, or in any way involving any work of any insured, or any contractor or subcontractor (including material suppliers) working for or on behalf of any insured, that does not meet federal, state, or local laws, rules, regulations, or standards, including but not limited to standards promulgated by the Occupational Safety and Health Administration (OSHA), and any and all similar laws, rules regulations and standards. For the purpose of this exclusion, if the insured is cited and fined by OSHA or any similar regulatory agency for a violation of any federal, state, or local laws, rules, regulations, or safety standards related to the "occurrence" giving rise to the purported damage or injury, the insured shall be deemed to have not met the applicable standard as set forth above.

\* \* \*

r. **Punitive Damages, Fines or Penalties**
"Claims" or liability for or arising from exemplary or punitive "damages", fines or penalties based upon, arising out of, or imposed by or under any law, statute, or ordinance of any federal, state or municipal government agency or any other types of fines, penalties, punitive "damage"s, exemplary "damages", treble "damages", or the multiplication of compensatory "damage"s, of any nature.

s. **Attorney, Expert, and Vendor Fees and Costs of Others**
Any "claim", "suit", demand, request, or award against any insured, for any attorney fees and costs, expert fees and costs, related vendor fees and costs, sanctions or any other cost or expense incurred by any other party to any "claim" or "suit", including any insured under this policy. This exclusion applies regardless of whether any of the expenses or costs described above are/were awarded in a suit as damages or costs.

\* \* \*

ag. **Mental Injury**
Any "claim" for, or "occurrence" or "suit" arising out of, emotional distress, mental anguish, humiliation, mental distress, mental injury, mental suffering,

10

worry, annoyance, anxiety, inconvenience, depression, dissatisfaction, or shock to the nervous system or any physical manifestation of any of the foregoing, or any similar injury. This exclusion extends to any "claims" for "bodily injury", "property damage", or other "damages" claimed to arise from or relate to emotional or mental "damages" or injury in whole or in part.

\* \* \*

**VI. DEFINITIONS**

\* \* \*

5. "Bodily injury" means physical injury, sickness, disease or death sustained by a person that first happens or begins during the policy period. "Bodily injury" does not include mental anguish, emotional distress or emotional damages or injury(ies) of any kind.
6. "Claim(s)" means any facts that combine to give rise to a demand for something as a right or as due, a legally enforceable right or judicial action for payment of money, property, or enforcement of any right or relief provided by law, including but not limited to the following against the insured: any threat of legal action, settlement demand, service of suit, institution of arbitration proceeding, any written tender or demand for civil damages or other relief commenced by the insured's receipt of such demand or tender, or any civil proceeding commenced by the service of a complaint or similar pleading.
7. "Claim expenses" means:
a. fees charged by any lawyer designated by us;
b. all other reasonable fees, costs and expenses
resulting from the investigation, adjustment, defense and appeal of a claim if incurred by us;
c. "reasonable fees" charged and reasonable expenses incurred by any lawyer designated by the insured with our prior express written consent.
However, "claim expenses" does not include salary charges of regular "employees" or officials of the insured or us.

\* \* \*

11. "Employee" includes a "leased worker", a "volunteer worker", and any person who is or may be deemed to be an employee of any insured or any person for whom an insured may be held liable as an employer.
"Employee" does not include a "temporary worker".

\* \* \*

19. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. "Occurrence" as used herein refers to the earliest act, omission, or creation of conditions or circumstances that

11

give rise to any "property damage", "bodily injury" or "personal or advertising injury".

\* \* \*

21. "Policy period" means the period beginning with inception date and ending with the expiration date shown in the Declarations or earlier date of termination or cancellation.

\* \* \*

25. "Suit" means a civil proceeding in which "damages" because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
a. an arbitration proceeding in which such "damages" are claimed and to which the insured must submit or does submit with our consent; or
b. any other alternative dispute resolution proceeding in which such "damages" are claimed and to which the insured submits with our express written consent.

\* \* \*

29.     On November 28, 2023, TCIC, through its third-party administrator Golden State Claims Adjusters, issued a letter to Foster Calvin and Ryan Michell disclaiming coverage. A true and correct copy of the disclaimer letter is incorporated herein by reference and attached as **Exhibit C**.

## FOR A FIRST DECLARATION
(No Coverage for Breach of Warranty Claims)

30.     The allegations contained in paragraphs 1 through 29 are incorporated as if fully stated herein.

31.     Claimants allegations in the Underlying Lawsuit include a cause of action for Breach of Express and Implied Warranties.

32.     Claims for breach of warranty are not covered under the policy because they cannot be considered accidental and therefore cannot constitute "occurrences" as defined by the policy.

33. Accordingly, coverage is not triggered for Claimants' claim for breach of express and implied warranties.

34. Because coverage is not triggered for Claimants' claim for breach of express and implied warranties, TCIC is not obligated to defend or indemnify Foster Calvin or Ryan Mitchell for Claimants' claim for breach of express and implied warranties in the Underlying Lawsuit or any other lawsuits arising out of claims for breach of express and implied warranties.

## FOR A SECOND DECLARATION
### (Exclusion – Action Over)

35. The allegations contained in paragraphs 1 through 34 are incorporated as if fully stated herein.

36. The injuries and damages alleged by Claimants in the Underlying Lawsuit are based on allegations of "bodily injury" sustained by an independent contractor or subcontractor (or a person affiliated with same) who provided work on a job site where Foster Calvin provided work, products, or services as a general contractor.

37. Accordingly, the policy's Action Over exclusion operates to exclude coverage for the claims alleged in the Underlying Lawsuit.

38. Because coverage is excluded, TCIC is not obligated to defend or indemnify Foster Calvin or Ryan Mitchell in the Underlying Lawsuit or any other lawsuits arising out of the claims.

## FOR A THIRD DECLARATION
### (Exclusion – Worker's Compensation and Similar Laws)

39. The allegations contained in paragraphs 1 through 38 are incorporated as if fully stated herein.

40. To the extent that Foster Calvin and/or Ryan Mitchell are found to be responsible for worker's compensation benefits for Claimants, the policy's Worker's Compensation and Similar Laws exclusion operates to exclude coverage for the claims alleged in the Underlying Lawsuit.

41. If coverage is excluded under the policy's Worker's Compensation and Similar Laws exclusion, TCIC is not obligated to defend or indemnify Foster Calvin or Ryan Mitchell in the Underlying Lawsuit or any other lawsuits arising out of the claims.

## FOR A FOURTH DECLARATION
### (Exclusion – Fall from Heights)

42. The allegations contained in paragraphs 1 through 41 are incorporated as if fully stated herein.

43. The injuries and damages alleged by Claimants in the Underlying Lawsuit are based on allegations of "bodily injury" sustained by a person involving a "fall from heights" as defined by the policy—i.e., a fall from an elevation where there is a height differential between surfaces.

44. Accordingly, the policy's Fall from Heights exclusion operates to exclude coverage for the claims alleged in the Underlying Lawsuit.

45. Because coverage is excluded, TCIC is not obligated to defend or indemnify Foster Calvin or Ryan Mitchell in the Underlying Lawsuit or any other lawsuits arising out of the claims.

## FOR A FIFTH DECLARATION
### (Exclusion – Breach of Contract/Contractual Liability)

46. The allegations contained in paragraphs 1 through 45 are incorporated as if fully stated herein.

47. To the extent that the injuries and damages alleged by Claimants in the Underlying Lawsuit are based on allegations of "bodily injury" arising out of the breach of any contract or agreement for which any insured is obligated to pay "damages" by reason of the assumption of liability in a contract or agreement, the policy's Breach of Contract/Contractual Liability exclusion operates to exclude coverage for the claims alleged in the Underlying Lawsuit.

48. If coverage is excluded under the policy's Breach of Contract/Contractual Liability exclusion, TCIC is not obligated to defend or indemnify Foster Calvin or Ryan Mitchell in the Underlying Lawsuit or any other lawsuits arising out of the claims.

**FOR A SIXTH DECLARATION**
**(Exclusion – Employer's Liability)**

49. The allegations contained in paragraphs 1 through 48 are incorporated as if fully stated herein.

50. The injuries and damages alleged by Claimants in the Underlying Lawsuit are based on allegations of "bodily injury" sustained by the "employee" of a contractor or subcontractor working or providing materials or services directly or indirectly on Foster Calvin's behalf arising out of and in the course of performing duties related to the conduct of Foster Calvin's business or the business of a contractor or subcontractor working directly or indirectly on Foster Calvin's behalf.

51. The injuries and damages alleged by Claimants in the Underlying Lawsuit are based on allegations of "bodily injury" sustained by the spouse of that "employee" as a consequence of the allegations of "bodily injury" described in the preceding paragraph.

52. Accordingly, the policy's Employer's Liability exclusion operates to exclude coverage for the claims alleged in the Underlying Lawsuit.

15

53. Because coverage is excluded, TCIC is not obligated to defend or indemnify Foster Calvin or Ryan Mitchell in the Underlying Lawsuit or any other lawsuits arising out of the claims.

## FOR A SEVENTH DECLARATION
### (Exclusion – Non-Compliance with Safety Regulations)

54. The allegations contained in paragraphs 1 through 53 are incorporated as if fully stated herein.

55. The injuries and damages alleged by Claimants in the Underlying Lawsuit are based on allegations of "bodily injury" arising out of alleged work by Foster Calvin or someone working on behalf of Foster Calvin that allegedly did not meet federal, state, or local laws, rules, regulations, or standards.

56. Accordingly, the policy's Non-Compliance with Safety Regulations exclusion operates to exclude coverage for the claims alleged in the Underlying Lawsuit.

57. Because coverage is excluded, TCIC is not obligated to defend or indemnify Foster Calvin or Ryan Mitchell in the Underlying Lawsuit or any other lawsuits arising out of the claims.

## FOR AN EIGHTH DECLARATION
### (Exclusion – Punitive Damages, Fines or Penalties)

58. The allegations contained in paragraphs 1 through 57 are incorporated as if fully stated herein.

59. Claimants seek punitive damages in the Underlying Lawsuit.

60. The policy's Punitive Damages, Fines or Penalties exclusion operates to exclude coverage for any punitive damages awarded in the Underlying Lawsuit.

61. Because coverage is excluded for punitive damages, TCIC is not obligated to defend or indemnify Foster Calvin or Ryan Mitchell for any claims for punitive damages in the Underlying Lawsuit or any other lawsuits arising out of the claims.

### FOR A NINTH DECLARATION
**(Exclusion – Attorney, Expert, and Vendor Fees and Costs of Others)**

62. The allegations contained in paragraphs 1 through 61 are incorporated as if fully stated herein.

63. Claimants seek costs in the Underlying Lawsuit.

64. The policy's Attorney, Expert, and Vendor Fees and Costs of Others exclusion operates to exclude coverage for any costs awarded in the Underlying Lawsuit.

65. Because coverage is excluded for costs, TCIC is not obligated to defend or indemnify Foster Calvin or Ryan Mitchell for any claims for costs in the Underlying Lawsuit or any other lawsuits arising out of the claims.

### FOR A TENTH DECLARATION
**(Exclusion – Mental Injury)**

66. The allegations contained in paragraphs 1 through 65 are incorporated as if fully stated herein.

67. To the extent that the claims arise out of mental or similar injury as defined by the policy, the policy's Mental Injury exclusion operates to exclude coverage for the claims alleged in the Underlying Lawsuit.

68. If coverage is excluded under the policy's Mental Injury exclusion, TCIC is not obligated to defend or indemnify Foster Calvin or Ryan Mitchell in the Underlying Lawsuit or any other lawsuits arising out of the claims.

**PRAYER FOR RELIEF**

A justiciable controversy exists between the parties in this action arising out of these claims. Therefore, TCIC prays that the Court construe and determine the rights of the parties and declare that:

1. Coverage is not triggered for Claimants' claim for breach of express and implied warranties;

2. The policy's Action Over exclusion precludes coverage for the claims asserted in the Underlying Lawsuit;

3. The policy's Worker's Compensation and Similar Laws exclusion precludes coverage for the claims asserted in the Underlying Lawsuit;

4. The policy's Fall from Heights exclusion precludes coverage for the claims asserted in the Underlying Lawsuit;

5. The policy's Breach of Contract/Contractual Liability exclusion precludes coverage for the claims asserted in the Underlying Lawsuit;

6. The policy's Employer's Liability exclusion precludes coverage for the claims asserted in the Underlying Lawsuit;

7. The policy's Non-Compliance with Safety Regulations exclusion precludes coverage for the claims asserted in the Underlying Lawsuit;

8. The policy's Punitive Damages, Fines or Penalties exclusion precludes coverage for the claims asserted in the Underlying Lawsuit;

9. The policy's Attorney, Expert, and Vendor Fees and Costs of Others exclusion precludes coverage for the claims asserted in the Underlying Lawsuit;

10. The policy's Mental Injury exclusion precludes coverage for the claims asserted

in the Underlying Lawsuit; and

11. Because there is no coverage under the policies for the claims giving rise to the Underlying Lawsuit, TCIC is not obligated to defend or indemnify Foster Calvin Development, LLC or Ryan Mitchell in the Underlying Lawsuit or any other lawsuits arising out of the claims.

12. Because there is no coverage under the policies for the claims giving rise to the Underlying Lawsuit, TCIC is not obligated to defend or indemnify Foster Calvin Development, LLC or Ryan Mitchell in the Underlying Lawsuit or any other lawsuits arising out of the claims.

TCIC further prays that the Court:

1. Tax the costs of this action against the defendants, or any of them, pursuant to 28 U.S.C. § 2202 and other applicable laws; and

2. Award all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ James M. Dedman, IV*
*/s/ Emily E. Seaton*
James M. Dedman, IV (S.C. Fed. No. 9939)
Emily E. Seaton (S.C. Fed. No. 13765)
GALLIVAN, WHITE, & BOYD, P.A.
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
704-552-1712
jdedman@gwblawfirm.com
eseaton@gwblawfirm.com
*Attorneys for Third Coast Insurance Company*